Dear Mayor Carmouche:
You have asked this office to advise if a police officer employed by the Town of Cottonport may also hold the elective office of police juror for Avoyelles Parish. For the following reasons, more fully explained below, it is the opinion of this office that state law does not prohibit the concurrent holding of these positions.
Elected or appointed officials and employees of the Town of Cottonport[1] are subject to the provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq.
These provisions govern questions concerning the holding of two or more public offices and/or employments. Of interest here is La.R.S. 42:63(D), which provides:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition, no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
[Emphasis added.] *Page 2 
While La.R.S. 42:63(D) prohibits one from holding employment in the same political subdivision in which he holds elective office, the statute does not prohibit an elected official from holding employment in a separate political subdivision. Because the parish and the municipality are separate political subdivisions under La.R.S. 42:62(9)[2], La.R.S.42:63(D) as applied here would not prohibit a municipal police officer from also holding the elective office of police juror.
We mention here that a specific civil service law prohibiting a classified police officer from also holding elective office controlsover an analysis of the dual officeholding provisions which would not prohibit the concurrent holding of offices and/or employments. In this regard, the provisions of La.R.S. 33:2531, et seq., establish fire and police civil service for those municipalities which have a population of not less than seven thousand and not more than thirteen thousand, while the provisions of La.R.S. 33:2471, et seq., establish fire and police civil service for those municipalities with populations between thirteen thousand and two hundred and fifty thousand. La.R.S. 33:2564(A)(5) and La.R.S. 33:2504(A)(5) both provide that "no person elected to public office shall, while serving in the elective office, be appointed to or hold any position in the classified service." While these statutes apply to fire and police civil service systems in municipalities with different populations, both prohibit fire and police civil service employees from at the same time holding elective office.
The Town of Cottonport has a population of 2,316 residents according to the United States Census for 2000. See the U.S. Census Bureau website, http://www.census.gov. Since the Town of Cottonport has a population of less than seven thousand, its police officers are not in a civil service system and are not governed by civil service laws prohibiting a police officer from also holding elective office.
Because civil service restrictions are inapplicable, and because La.R.S. 42:63(D) does not prohibit the simultaneous holding of the two referenced positions, it is the opinion of this office that state law does not prohibit a Town of Cottonport police officer from also serving as a parish police juror. *Page 3 
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
very truly Yours,
JAMES D. "BUDDY" CALWELL ATTORNEY GENERAL
By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] The Town of Cottonport is a Lawrason Act municipality, governed by the provisions of La.R.S. 33:321, et seq.
[2] La.R.S. 42:62(9) provides:
"Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.